IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02632-REB-MEH

GREAT AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

The parties, through their undersigned counsel of record, having stipulated to the entry of this Protective Order pursuant to F.R.C.P. 26(c), and the Court being fully advised in the premises,

DOES HEREBY ORDER:

1. This action involved the production and disclosure of documents, testimony and other information, some of which will be of a confidential and proprietary nature. Moreover, certain information relates to the parties' mutual insured, Colorado Lutheran High School Association, Inc., which should remain confidential and only for use in this litigation. All parties agree that all confidential and proprietary information and documents produced, disclosed, given or filed in this action should be subject to a Protective Order pursuant to F.R.C.P. 26(c).

2. This Order shall govern the handling of all such confidential and proprietary documents, testimony, deposition transcripts and any and all other information, including all copies, excerpts, and summaries thereof (collectively, "Material"), produced, disclosed, or given during discovery or otherwise filed in this action.

3. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential" any Material produced or disclosed by such party that contains confidential and/or proprietary information. "Confidential" Material, as used in this Order, shall refer to any so designated Material, including all copies thereof, and shall also refer to the information contained in such Material. No designation shall be made unless the

designating party or non-party believes in good faith that the designated Material is entitled to such protection.

4. Material designated "Confidential" shall be maintained in confidence by the party to whom such Material is produced or served and shall not be disclosed to any person except:

   a. The Court and its officers;

   b. Counsel, whether retained counsel or in-house counsel;

   c. Employees of counsel;

   d. The parties, provided that the parties agree to retain the confidential nature of the Material;

   e. Certified shorthand and/or professional court reporters, for purposes of transcription and related services in connection with depositions, hearings and trial;

   f. Third parties engaged by counsel or the parties to assist in this litigation such as experts;

   g. All personnel to whom a party has a legal or contractual obligation to provide such Material, including a party's reinsurers and outside or in-house auditors; and

   h. Federal and state regulatory agencies, their employees and representatives to whom the parties have a statutory obligation to transmit information or report concerning this action. Access by regulatory agencies to "Confidential" Material shall be limited to documents that the regulatory agencies reasonably need to review in their role as regulatory agencies.

5. Prior to receiving any Confidential material each person permitted in paragraph 4 should be advised that they are being shown Confidential Material or information, and they shall not share, disclose or distribute any Confidential material to any person/entity not permitted to view the Confidential material pursuant to this Court's Order, and that they cannot discuss this information with anyone other than counsel for the parties in this matter.

6. In the event the producing party elects or is otherwise required to make available for inspection Material that the producing party deems "Confidential," no markings need be made by the producing party in advance of the inspection. All such Material shall be considered marked "Confidential" for purposes of the inspection. Within a reasonable time after selection by the inspecting party of specified Material for copying, the producing party shall make the appropriate designation.

7. Material produced without the designation of "Confidential" may be so designated subsequent to production if the producing party failed to make such designation at the time of production through inadvertence or error. If Material is designated as "Confidential" subsequent to production, the receiving party or parties shall promptly collect any copies that have been provided to individuals other than those identified in paragraph 4 of this Order.

8. A party may use Material designated by the party as "Confidential" for the prosecution or defense of claims in another proceeding ("Outside Proceeding"). A Party may not use Material designated by any other party as "Confidential" for the prosecution or defense of claims in an Outside Proceeding. If the Material has not been designated as "Confidential" in the Outside Proceeding, the party shall notify each other party, and any such party shall have the opportunity to seek an order that the Material is not "Confidential" as provided in paragraph 8.

9. Nothing herein shall prohibit a party from seeking an Order that designated Material is not "Confidential." However, prior to seeking any such Order from the Court, the parties disputing the "Confidential" nature of the Material shall meet and confer in good faith to attempt to resolve the dispute. A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the date the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Any such motion shall be filed within fifteen (15) business days after the date the initial notice of objection is received. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential".

10. Subject to paragraphs 6 and 7 of this Order, no designation of Material as "Confidential," including the giving of testimony at a deposition or hearing, shall be effective unless, as applicable, the party or non-party making the designation; (a) receives an order from the Court or (b) affixes the copies of the Material with an identifying number and serves all parties with a notice that the Material is "Confidential," or (c) affixes the Material or copies of the Material with the term "Confidential." Testimony given at a deposition and exhibits used may be so designated by an appropriate statement at the time of the giving of such testimony or within a reasonable time after counsel receives the transcript of such deposition. If deposition testimony is designated "Confidential," this Order shall govern the certified shorthand and/or court reporter (and such reporter's staff) performing transcription and related services with respect to such testimony. The

party that claims that the Material is "Confidential" shall notify the certified shorthand and/or court reporter of any subsequent designation of Material as "Confidential" by letter copied to counsel for the parties herein. The letter shall inform the shorthand and/or court reporter which portion(s) of the deposition transcript and exhibits are to be designated "Confidential." Upon the request of any party, any person not identified in paragraph 4 shall be excluded from any deposition during the period in which Confidential material is disclosed.

11. Any party may use Material given, disclosed or produced by another party and designated as "Confidential" for the prosecution and defense of the claims in this action so long as the party complies with this Order. All Material given, disclosed or produced by another party and designated "Confidential" shall be used by the party receiving such Material solely for the prosecution and defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, an order of an administrative tribunal, a subpoena, or search warrant, not issued in this action (collectively, an "Outside Order"). If any party is requested in an Outside Order to produce Material that has previously been designated as "Confidential," the party receiving an Outside Order shall not produce any such Material unless each other party is informed of the Outside Order and is given written notice within two (2) business days after the receipt of the Outside Order. The notice shall include the date, place and time in which the testimony or production of documents is to be provided. If the party receiving written notice objects to having such Material furnished, the party receiving the Outside Order for the Material shall not provide the same, except upon entry of a court order directing disclosure. The party objecting shall, if applicable, file a motion for protective order and shall otherwise take whatever steps are necessary to protect the "Confidential" Material upon receiving such written notice.

12. In the event that any Confidential Material is used in any proceeding in this action, it shall not lose is Confidential status through such use.

13. This Order shall be without prejudice to the right of any party at any time to file a motion upon reasonable (which shall ordinarily be not less than five (5) days) notice to all to seek a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to create any reliance interests or prejudice the parties in any way in any future application for modifications of this Order.

14. All parties and non parties must request the closure of proceedings. If Confidential Material is included in any papers to be filed before the Court, such papers shall be clearly labeled "Confidential" and filed under seal. Where practical, only "Confidential" portions of Material filed with the Court shall be filed under seal.

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action and the Court without involving the Court

unnecessarily in the process.  Nothing in this Order nor the reproduction of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16. At the conclusion of this case (including exhaustion of appeals if any) all "Confidential" Material disclosed in this action, and all copies thereof, shall be returned to the producing party, or, at the option of the producing party, opposing counsel shall certify in writing that such "Confidential" Material has been destroyed.

17. This Protective Order shall remain in force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

Dated this 8th day of July, 2009, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
United States Magistrate Judge


s/ Heather E. Hackett
Laurence M. McHeffey
Heather E. Hackett
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1700 Broadway, Suite #1900
Denver, Colorado 80290-1901
Telephone:  (303) 293-8800
Fax: (303) 839-0036
E-mail:   lmcheffey@mdmlawco.com
Attorneys for Defendant Lexington Insurance Company

s/Natalie M. Lucas
Robert A. Zupkus
Natalie M. Lucas
Zupkus & Angell, P.C.
555 E. 8th Avenue
Denver, Colorado 80203

Telephone: 303-894-8948
Fax: 303-894-0104
Email: rzupkus@zalaw.com
Attorneys for Plaintiff Great American